**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 6:10-CR-00046-JDK** |
| **v.** | § | |
| | § | |
| | § | |
| **JOEY KEITH HAWKINS** | § | |
| | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On September 12, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Joey Keith Hawkins. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a List 1 Chemical with Intent to Manufacture a Controlled Substance, a Class C felony. This offense carried statutory maximum imprisonment terms of 20 years. The guideline imprisonment range, based on a total offense level of 29 and criminal history category of V, was 140 to 175 months. On May 24, 2011, U.S. District Judge Michael Schneider sentenced Defendant to 140 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. On August 11, 2015, the term of imprisonment was reduced to 120 months, and his offense level was amended to 27. On June 11, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from any unlawful possession or use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on February 28, 2023, by submitting a urine specimen that tested positive for methamphetamine. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade B violation is 18 to 24 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by possession of controlled substances as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 20 months imprisonment, to include the unserved community confinement time, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Joey Keith Hawkins's plea of true be accepted and he be sentenced to 20 months imprisonment, to include the unserved community confinement time, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FMC Fort Worth, Texas, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 13th day of September, 2023.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE